**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3922 & 14-3999
_____

THE BOARD OF DIRECTORS OF SAPPHIRE BAY CONDOMINIMIUMS WEST,
Appellant in 14-3999

v.

GEORGE R. SIMPSON,
Individually and D/B/A North American Alliance for Honest Corporate Management,
Appellant in 14-3922
_____

On Appeal from the District Court
of the Virgin Islands
(District Court No. 3-04-cv-00062)
District Judge: Hon. Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2015
_____

Before: McKEE, *Chief Judge*, SMITH and SCIRICA, *Circuit Judges*.

(Opinion filed: December 21, 2015 )

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MCKEE, *Chief Circuit Judge*.

Appellant-Cross Appellee George Simpson appeals the district court's order dismissing his claims for damages and attorney's fees against Appellee-Cross Appellant Board of Directors of Sapphire Bay Condominiums West. Sapphire Bay appeals the district court's order dismissing its claims under the Lanham Act, 15 U.S.C. § 1125(a)(1), the Virgin Islands Similar Trade Name Prohibition Act, 11 V.I.C. § 1204, and its claims that Simpson engaged in deceptive trade practices and is liable for common law torts. For the reasons that follow, we will affirm the district court's orders.[1]

I.

Because we write for the parties who are familiar with the lengthy factual and procedural history of this ongoing saga, we provide only the limited background necessary to our conclusions.[2]

We review a district court's findings of fact for clear error and exercise plenary review over its conclusions of law.[3] "Clear error exists when, giving all deference to the opportunity of the trial judge to evaluate the credibility of witnesses and to weigh the evidence, we are 'left with a definite and firm conviction that a mistake has been

---

[1] The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 1612(a). We have jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1291.
[2] The facts underlying this case can be found in prior decisions. *See Feuerstein v. Simpson*, 582 F. App'x 93 (3d Cir. 2014) *cert. denied*, 135 S. Ct. 2860 (2015); *Bd. of Dirs. of Sapphire Bay Condos. W. v. Simpson*, 129 F. App'x 711 (3d Cir. 2005); *Bd. of Dirs. of Sapphire Bay Condos. W. v. Simpson*, No. CV 04-62, 2014 WL 4067175 (D.V.I. Aug. 13, 2014).
[3] *See Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005).

committed.'"[4]

## II.

Section 1125(a) of the Lanham Act creates two bases for liability: unfair competition under Section 1125(a)(1)(A) and false advertising under Section 1125(a)(1)(B). To prove unfair competition, a plaintiff must demonstrate that: "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion."[5] To establish false advertising under the Lanham Act, a plaintiff must show that the statement is either "(1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers."[6] The district court analyzed Sapphire Bay's claims under both subsections because Sapphire Bay did not specify the section it was proceeding under.[7]

---

[4] *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 191, 194 (3d Cir. 1999) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

[5] *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000).

[6] *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).

[7] *Bd. of Dirs. of Sapphire Bay Condos. W.*, 2014 WL 4067175, at *3. As a threshold matter, the district court ruled that Simpson's websites do not contain commercial speech because at no point were any goods or services ever advertised on them, they never referred to any specific product or service that Simpson provides, and there was no evidence that Simpson's speech was economically motivated. *Id.* at *3-4. In so ruling, the district court acknowledged that it had found Simpson's speech commercial in nature prior to issuing the preliminary injunction against him. The court concluded that it was not bound by this prior determination, however, because the very nature of a preliminary injunction is such that the court's review of the evidence was less formal and less complete. Concluding Simpson's speech was noncommercial in nature, the court then held that his use of Sapphire Bay's trademark in connection with his websites did not violate the Lanham Act. The court relied on out-of-circuit precedent to reach this conclusion. We need not resolve whether the speech was commercial because we agree

## A. Unfair Competition

The district court ruled that Sapphire Bay could not prove that any of Simpson's websites caused the likelihood of confusion required for a claim of unfair competition.[8] We look to ten factors to analyze the likelihood of confusion:[9]

> (1) the degree of similarity between the owner's mark and the alleged infringing mark;
> (2) the strength of the owner's mark;
> (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;
> (4) the length of time the defendant has used the mark without evidence of actual confusion arising;
> (5) the intent of the defendant in adopting the mark;
> (6) the evidence of actual confusion;
> (7) whether the goods, competing or not competing, are marketed through the same channels of trade and advertised through the same media;
> (8) the extent to which the targets of the parties' sales efforts are the same;
> (9) the relationship of the goods in the minds of consumers, whether because of the near-identity of the products, the similarity of function, or other factors;
> (10) other facts suggesting that the consuming public might expect the prior owner to manufacture both products, or expect the prior owner to manufacture a product in the defendant's market, or expect that the prior owner is likely to expand into the defendant's market.[10]

As we have explained, "[n]one of these factors is determinative in the likelihood of confusion analysis and each factor must be weighed and balanced one against the

---

with the district court that, even if Simpson's websites were commercial, Sapphire Bay still cannot establish any of its claims under the Lanham Act.

[8] *Id.* at \*7.

[9] *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983).

[10] *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 709 (3d Cir. 2004) (quoting *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 211 (3d Cir. 2000)).

other."[11]  Furthermore, "[t]he single most important factor in determining likelihood of confusion is mark similarity."[12]

Considering the meticulousness with which the district court reviewed and balanced each of the relevant factors, we have no difficulty concluding it ruled correctly that Sapphire Bay did not establish a likelihood of confusion.  We therefore affirm the district court's ruling on this part of Sapphire Bay's Lanham Act claim substantially for the reasons set forth by the district court.[13]

## B. False Advertising

The district court also concluded that Sapphire Bay's false advertising claim failed because it did not satisfy either of the Lanham Act's grounds for liability, literal falsity or a tendency to deceive consumers.[14]  The district court first concluded that, considering the full context of the disputed statements, those statements could be deemed at least ambiguous, if not literally true.[15]  The district court also concluded that Sapphire Bay did not establish that the statements were actually deceptive.[16]

---

[11] *Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 280 (3d Cir. 2001).

[12] *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 216 (3d Cir. 2000).

[13] *Bd. of Dirs. of Sapphire Bay Condos. W.*, 2014 WL 4067175, at *5-7.

[14] *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).

[15] *Bd. of Dirs. of Sapphire Bay Condos. W.*, 2014 WL 4067175, at *8.

[16] *Id.*

Context is key in determining literal falsity.[17]  Here, the websites contained false statements in only a limited sense.  Namely, the first website stated that it was Sapphire Bay's "official" website, even though Sapphire Bay was not involved in creating or maintaining it.  The rest of the contents of the first website, in contrast, contained either ambiguous or true statements.  "Unless the claim is unambiguous . . . it cannot be literally false."[18]  This is even clearer in the context of the second two websites, neither of which contained the arguably deceptive text about Sapphire Bay ownership.  Accordingly, the record supports the district court's conclusion that Sapphire Bay did not meet its burden of proving that the statements were literally false or actually deceptive.[19]

### III.

Sapphire Bay does not dispute that its claims under Virgin Islands law largely parallel its Lanham Act claims, and we will therefore affirm the district court's dismissal of the claims under Virgin Islands law for the same reasons we affirm the court's disposition on the Lanham Act claims.  We also note that the district court correctly dismissed Sapphire Bay's allegation of tortious interference because Sapphire Bay has

---

[17] *See, e.g.*, *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 946 (3d Cir. 1993) ("[I]n assessing whether an advertisement is literally false, a court must analyze the message conveyed in full context.").

[18] *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014).

[19] The district court also concluded that Simpson's actions did not violate the Lanham Act's anti-dilution requirements.  This aspect of the district court's decision is not at issue on appeal so we do not address it.

not provided any evidence of an actual or prospective contract with which Simpson interfered,[20] nor did Sapphire Bay establish the required financial injury.[21]

## IV.

Simpson's claims for attorney's fees and compensation are frivolous. In brief, Simpson claims that he is entitled to attorney's fees for his *pro se* representation. He also contends he is entitled to compensation for the business opportunities he was forced to forgo in order to defend himself against Sapphire Bay.

Attorney's fees are inappropriate because Simpson is not an attorney and attorney's fees are only properly awarded to attorneys. Section 541(b) of the Virgin Islands Code provides for attorney's fees for victorious parties, but its language limits such awards to an "attorney" as distinguished from the "prevailing party."[22] Similarly, appellate courts have interpreted 42 U.S.C. § 1988 as barring awards of attorney's fees to *pro se* parties.[23] Simpson is not entitled to compensation for lost business opportunities because he offered no evidence to support this claim.

Finally, Simpson disputes the legitimacy of Sapphire Bay's suit. He first alleges that Sapphire Bay did not have a properly constituted board of directors and thus had no standing to sue on Sapphire Bay's behalf. He again does not bother to offer evidence in

---

[20] *Bd. of Dirs. of Sapphire Bay Condos. W.*, 2014 WL 4067175, at *12.
[21] RESTATEMENT (SECOND) OF TORTS §§ 766-766B (1979).
[22] V.I. CODE ANN. tit. 5, § 541(b) (1997).
[23] *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement . . . on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees.").

7

this regard.  In addition, there is evidence that Sapphire Bay was injured by the website, and that gives representatives of Sapphire Bay standing to sue.

Simpson's second challenge to the suit—that the district court violated Rule 19 by failing to join a necessary party—is also meritless.  Simpson's claim that North American Alliance for Honest Corporate Management and Randolph Lindsey (who purportedly ran North American Alliance for Honest Corporate Management) operated the websites is as precarious as it is conclusory and we need not repeat why these ephemeral arguments lack substance.[24]

V.

For the reasons set forth above, we will affirm the judgment of the district court in its entirety.

---

[24] *See Feuerstein v. Simpson*, 582 F. App'x 93, 99 (3d Cir. 2014) *cert. denied*, 135 S. Ct. 2860 (2015) ("Simpson does not point to any evidence other than his own testimony that Randolph Lindsey and/or the North American Alliance for Honest Corporate Management are the true owners of the websites at issue, or that these entities even exist.").